128 So.2d 100

Buford E. CLAUNCH

v.

R. A. ENTREKIN.

1 Div. 908.

Supreme Court of Alabama.

Jan. 12, 1961.

Rehearing Denied March 30, 1961.

J. Glenn Cobb, Jr., Mobile, for appellant.

Harry Seale, Mobile, for appellee.

STAKELY, Justice.

The question for decision is whether the proceedings for the adoption of a minor child are valid.

On September 16, 1957, R. A. Entrekin filed in the Probate Court of Mobile County, Alabama, a petition to adopt the minor child named Ricky Claunch, six years of age. The petition was filed pursuant to § 1 et seq., Title 27, Code of 1940, as amended, 1955 Cumulative Pocket Part, Code of 1940. The petition shows that the child is now in the custody of his mother in Mobile, Alabama, who has custody of the child by order of the Circuit Court of Mobile County, in Equity, and that the minor child has resided in the home of petitioner since December 1953. The petition contains the following allegation: "7. The father of said child has abandoned and failed to support the child since December, 1953."

The petition prays that the court will take jurisdiction of the matters contained in the petition and order a copy of the petition served on the Department of Public Welfare of the State of Alabama as required by law and will set a day for the hearing of the petition and will make such orders and decrees as may be proper to effectuate the legal adoption of the child.

At the time the petition was filed there was also filed the consent of the mother of the child, Alice Entrekin, to the adoption of the child by her husband, R. A. Entrekin.

On September 16, 1957, the court made an order setting the petition for hearing on November 22, 1957. The record shows that on September 27, 1957, a copy of the petition was received by the State Department of Pensions and Security and in accordance with § 8(7), Title 49, and § 2, Title 27, Code of 1940, the State Department of Pensions and Security designated the Mobile County Department of Pensions and Security to verify the allegations of the petition, to make a thorough investigation of the matter and to report its findings in writing to the court on or before the day appointed for the hearing. The record shows that consideration of the petition for adoption was ordered continued to January 16, 1958.

The record shows that on January 16, 1958, the Mobile County Department of Pensions and Security, acting as the designated agency of the State Department of Pensions and Security, made its report, stating that it had verified the allegations of the petition, had made a thorough investigation of the matter and submits the following findings: (1) Alice Entrekin, the mother of the child, has been interviewed relative to the adoption of the child and has expressed her desire to share the care and responsibility of the child with her present husband, the petitioner. Her signed consent is on file. Buford E. Claunch, the natural father of the child, was interviewed in Chicago, Illinois, on November 19, 1957, relative to the adoption of the child by a representative of the Department of Public Welfare, Chicago, Illinois. He informed the worker that he would not under any circumstances file his consent for the adoption of the child, that he hoped to make a home some day for the child and that he had not seen the child for five years and that they have been "hiding the child" from him. The report further shows that Alice Claunch and Buford E. Claunch were divorced on March 30, 1953, and according to the divorce decree, Alice Claunch was awarded custody and control of the child with the right of Buford E. Claunch to see and visit the child at all reasonable times. The report further shows that the mother claims that she was separated from the father in 1950 and since that date the father has visited the child twice, namely, in 1951 and 1957. The report further shows that according to the mother, since her separation from Buford E. Claunch, he has not contributed to the support of the child. The report further states that records on file in the Mobile County Department of Pensions and Security indicate that the father wrote to the agency concerning the child on June 3, 1951, November 19, 1952, and November 15, 1953. On January 13, 1955 and on June 10, 1955, the father also

wrote the agency concerning the child. The report further shows that at no time did the mother refuse permission for the father to visit the child. The report further shows that R. A. Entrekin and Alice Claunch were married on December 24, 1953, in Jackson County, Mississippi.

2. The report further shows that the child is in good physical condition and free of abnormalities and that the child has resided continuously in the home of the petitioner since December 24, 1953. The report further shows that the Mobile County Department of Pensions and Security has found the petitioner to be morally fit and financially able to assume the care and responsibility of the child.

The record further shows that on January 6, 1958, the report of the Department of Pensions and Security by and through its authorized representative was filed in the Probate Court of Mobile County.

On January 16, 1958, the Probate Court of Mobile County entered a decree showing that the petition for the adoption of Ricky Claunch, a minor, by R. A. Entrekin was filed in the court and that the matters contained therein were referred to the State Department of Pensions and Security for investigation and report to the court and that the State Department of Pensions and Security through the Mobile County Department of Pensions and Security filed in the court its report in writing and the cause having been regularly set for hearing, the decree then contains the following:

"The Court being satisfied from the facts stated in said report and the evidence adduced on the hearing this day had that the above named Mobile County Department of Pensions and Security in making said investigation and report acted under the supervision and direction of the State Department of Pensions and Security, and the said petitioner, R. A. Entrekin, is the stepfather of said minor, Ricky Claunch, and that Alice Entrekin, wife of petitioner, is the mother of said minor; that said stepfather, mother and minor child reside together in one domicile and have continuously so resided for a period of more than two (2) years; that the mother of said minor has given her consent to the adoption of said minor by petitioner; that said minor is suitable for adoption in the family of R. A. Entrekin, the petitioner; that the change of name and guardianship, as prayed in said petition, are for the best interest of said minor and that said petitioner is in all respects a proper person to adopt said minor; that said minor, while residing in the home of said petitioner, has been visited by representatives of the State Department of Pensions and Security, as provided by Title 27, Code of Alabama 1940, as amended 1943, and that no valid cause is shown why said minor should not be legally adopted and the petition in this cause allowed; and

"The Court being satisfied from said report and the evidence adduced that said order should be entered:

"It is, therefore, ordered, adjudged and decreed by the court, that the said Ricky Claunch, a minor, be and is hereby decreed to be legally adopted by R. A. Entrekin, and that according to all legal intents and purposes said child, Ricky Claunch, is the child of petitioner in accordance with Title 27, Code of Alabama of 1940, as amended 1943; that the name of said child from and after this date shall be changed from Ricky Claunch to Ricky Entrekin."

On January 11, 1960, Buford Claunch, the natural father, filed a motion in the Probate Court of Mobile County, Alabama, to declare null and void and to set aside the adoption decree made by the court on January 16, 1958, on the grounds, in substance, that Buford Claunch had received no formal notice of the adoption proceedings and that Buford Claunch had never abandoned said child and that there is no finding by the court that Buford Claunch abandoned the child.

The court set the motion down for hearing and on the testimony of the father himself found, among other things, that the father admitted that on October 31, 1957, he was contacted by the Welfare Department of Chicago and advised that adoption proceedings would be had on November 7, 1957, and was fully advised of what had been done. The court further found that the evidence offered by the movant shows an abandonment of the child and a continuous nonsupport for the life of the child and a present inability to give the child a home or to provide it with the necessities of life and that it was in the best interest of the child that the decree of adoption by the stepfather be upheld. The court then denied the motion.

■ I. It appears to be agreed and we think correctly so that in entertaining the adoption proceedings the Probate Court acts as a court of limited jurisdiction. McGowen v. Smith, 264 Ala. 303, 87 So.2d 429; Franklin v. White, 263 Ala. 223, 82 So.2d 247.

■ While we have set out some of the findings of the court on the hearing of the motion, these findings cannot be considered here because we are limited in our review to what appears on the face of the record in the adoption proceedings, since the attack by the motion is a collateral attack. It is a collateral attack because the motion was filed more than thirty days after the decree of adoption. Capps v. Norden, 261 Ala. 676, 75 So.2d 915; Penton v. Brown-Crummer Inv. Co., 222 Ala. 155, 131 So. 14.

■ The Alabama cases hold that the review on the motion must be with reference to what is shown on the face of the record. Griffin v. Proctor, 244 Ala. 537, 14 So.2d 116; Craig v. Root, 247 Ala. 479, 25 So.2d 147; Constantine v. Constantine, 261 Ala. 40, 72 So.2d 831; Wise v. Miller, 215 Ala. 660, 111 So. 913. There is a statement in Capps v. Norden, supra, that when a judgment or decree is void on its face, the court has the inherent power and should on motion vacate it. We do not consider that the court by this language intended to limit the review to what is shown on the face of the judgment or decree alone. Griffin v. Proctor, supra, and Constantine v. Constantine, supra, are cited to support the foregoing statement and both of these cited authorities show that the review is as to what appears on the face of the proceedings. The face of the proceedings means all matters which appear on the face of the record. Authorities supra. It is well to add that where, as in the case at bar, the motion is denied, the review is by appeal. Capps v. Norden, supra; Griffin v. Proctor, supra; Craig v. Root, supra; Constantine v. Constantine, supra.

The decree in this case was rendered under § 4, Title 27, Code of 1940, as amended in § 6, Title 27, Code of 1940, 1955 Cumulative Pocket Part, Code of 1940. This amendment provides that when a man marries the mother of a minor child the same procedure should be followed as in adopting a child other than by a stepfather, except that if the report of findings by the State Department of Public Welfare reveals the fact that the child resided in the home of the stepfather for a period of one year or more the court may, within its discretion, if it appears that the adoption is likely to be successful and is for the best interest of the child, immediately enter a final order of adoption.

By § 3, Title 27, Code of 1940, it is provided that the adoption of a minor child shall not be permitted without the consent of his parents, but that the consent of the parent who has abandoned the child may be dispensed with.

■ Without question the jurisdiction of the probate court was properly invoked because the petition filed in the probate court contained all the allegations necessary to give the court jurisdiction. Merchants National Bank of Mobile v. Morris, 252 Ala. 566, 42 So.2d 240; Chandler v. Price, 244 Ala. 667, 15 So.2d 462; § 1 et seq.,

Title 27, Code of 1940, as amended, 1955 Cumulative Pocket Part, Code of 1940.

As we have stated, where the court acts as one of limited jurisdiction as in the instant case, no presumption of jurisdiction will be indulged. The existence of facts necessary to confer jurisdiction must affirmatively appear on the face of the record. Several of our decisions have indicated that it must appear that the lower court of limited jurisdiction has "ascertained" or found the existence of the jurisdictional facts. Grayson v. Schwab, 235 Ala. 398, 179 So. 377; Pettus v. McClannahan, 52 Ala. 55; Wyatt's Adm'r v. Rambo, 29 Ala. 510. In other words, it must appear on the face of the record that the lower court, being a court of limited jurisdiction, has found or ascertained the jurisdictional facts.

As we have stated, the face of the record includes the entire record of the adoption proceedings in the lower court, not merely that which is recited in the decree or judgment. See Williams et al. v. Trammell et al., 230 N.C. 575, 55 S.E.2d 81; Carson v. Taylor, Tex.Civ.App., 261 S.W. 824. In this case the entire record includes the petition for adoption, the report of the State Department of Pensions and Security made through the Mobile County Department of Pensions and Security, the various orders of the court, including the Decree of Adoption. The report of the authorities which we have referred to is made under § 2, Title 27, Code of 1940. We think that it is analogous to a Master's Report in a court of equity, which is a matter of record (30 C.J.S. Equity § 543, p. 936), and is accorded the weight of the verdict of a jury. Patterson v. Lovelady, 233 Ala. 554, 172 So. 646.

This court has already pointed out in other situations that the recitals of a decree alone are not necessarily conclusive of the question of jurisdiction. Ex parte Griffith, 209 Ala. 158, 95 So. 551. While an express statement or findings in the decree is desirable, it may be possible to ascertain from the record as a whole that the existence of jurisdictional facts has been ascertained. This we consider is the clear implication of the statement by this court in Merchants National Bank of Mobile v. Morris, 252 Ala. 566, 569, 42 So.2d 240, 242, that "If the decree does not make a recital of the finding of the fact of proper notice in a case of limited jurisdiction, the record must otherwise be sufficient to satisfy statutory requirements."

In the case at bar the decree of adoption recites that the court is satisfied from the facts stated in the report of the State Department of Pensions and Security that the father was interviewed relative to the adoption of the child and stated that he would not file his consent to the adoption of the child. We think this is a sufficient ascertainment to show that the father had notice of the adoption proceedings. In the adoption proceedings there is a recital in the decree that the lower court found "No valid cause * * * why the minor should not be legally adopted." The petition for adoption alleged abandonment. The record shows that the agency to which was entrusted the matter of investigating the allegations of the petition verified those allegations. See § 2, Title 27, Code of 1940.

Taking these matters together with the other matters contained in the record when the adoption decree was made, we think the record sufficient to show an ascertainment of the jurisdictional facts of notice and of abandonment. The decree should be considered in the light of the petition and the other proceedings provided for by the statute. Stuart v. Strickland, 203 Ala. 502, 83 So. 600. We think, therefore, that on the face of the record there is enough to show an ascertainment of the jurisdictional fact of notice and the jurisdictional fact of abandonment and consequently the decree of adoption should be upheld.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.