147 So.2d 803

Kenneth C. DOBY

v.

Harry L. CARROLL, as Guardian.

1 Div. 92.

Supreme Court of Alabama.

Dec. 20, 1962.

Austill, Austill & Austill, Mobile, for appellant.

Holberg, Tully & Hodnette, Mobile, for appellee.

MERRILL, Justice.

The question presented in this case is whether the adoption statutes of Alabama, in effect in 1961, permitted the adoption of an adult. The Probate Court of Mobile County held that they did not and we concur.

On October 21, 1961, Clara McCallister, an adult, filed a sworn petition for the adoption by her of Kenneth C. Doby, an adult 23 years of age. Doby filed his written consent to the adoption. After a hearing on November 30, 1961, the probate court entered a final order of adoption.

On June 1, 1962, the appellee, Harry L. Carroll, as guardian of the estate of Clara McCallister, a person of unsound mind, filed a petition to vacate, annul and set aside the order of adoption on the ground of fraud, and later, on an amended ground that the decree of the probate court was void on the face of the record because the record showed that the appellant was an adult and the laws of this state do not authorize the adoption of one adult by another.

After a hearing, the probate court entered a decree setting aside its decree of November 30, 1961, on the ground that the court was without jurisdiction to order the adoption because our statutes do not permit the adoption of adults.

In Alabama, the right of adoption is purely statutory and in derogation of the common law, and the probate court acts as a court of limited jurisdiction in adoption proceedings, and unless the statute by express provision or necessary implication confers the right to adoption, such right does not exist. Franklin v. White, 263 Ala. 223, 82 So.2d 247; Claunch v. Entrekin, 272 Ala. 35, 128 So.2d 100.

In Abney v. De Loach, 84 Ala. 393, 4 So. 757, there is dicta that under the adoption statute of the Code of 1886, no adult could be adopted and that it applied exclusively to minors. The pertinent statute, Sec. 2367, provided:

"*Mode of adopting child; effect of.*— Any person desirous to adopt a child so as to make it capable of inheriting his estate, real and personal, or to change the name of one previously adopted, may make a declaration in writing, attested by two witnesses, setting forth the name, sex and age of the child he wishes to adopt, and the

name he wishes it thereafter to be known by, which, being acknowledged by the declarant before the judge of probate of the county of his residence, filed and recorded as in the two preceding sections has the effect to make such child capable of inheriting such estate of the declarant, and of changing its name to the one stated in the declaration; * * *."

However, in Sheffield v. Franklin, 151 Ala. 492, 44 So. 373, 12 L.R.A., N.S., 884, the question was squarely presented to this court and four Justices disagreed with the dicta in Abney and held that an adult could be adopted under that section because the word "child" in the statute referred to the relation or status and not to minority; while three Justices said they thought the dicta in Abney was correct.

It will be noted that adoption under the 1886 Code was by declaration. In 1931, our adoption statutes were radically changed, and the 1931 Act appears in the 1940 Code as Tit. 27, §§ 1-9.

There has been no judicial decision by this court on the question since 1931, but in 1951, the Attorney General ruled that adult children may be adopted, in an opinion to the Probate Judge of Calhoun County, Quarterly Report of the Attorney General of Alabama, April 1–June 30, 1951, Vol. 63, p. 82, citing Sheffield v. Franklin, supra.

The adoption statute in the 1923 Code, Sec. 9302, still provided for adoption by declaration and was placed in the Code under the Chapter headed "Parent and Child," and in each of the Codes of 1923, 1907, 1896 and 1886, the Code section is titled, "Mode of adopting child; effect of."

In 1931, our present system of adoption, requiring investigation by the then State Welfare Department and providing for interlocutory decrees before final orders were made. and many other changes, became effective upon the approval of Act No. 405, General Acts of Alabama 1931, p. 504.

The title of this Act was "An Act to amend Section 9302 of the Code of Alabama, 1923." The title line of section 1 reads:

" 'Section 9302.' A. WHO MAY PETITION FOR ADOPTION OF *MINOR* CHILD. (Emphasis supplied)."

When the 1931 Act was codified and became § 1 of Tit. 27, Code 1940, the title line of § 1 was titled—"Petition for adoption of minor child," and the chapter on "Adoption of Children" is the first chapter in Tit. 27, which is headed "Infants."

This is a strong indication that the legislative intent was to provide for the adoption of minors only when the 1931 Act was adopted. Not only the entitlement and placement in the Code, but a reading of Tit. 27, §§ 1-9, Code 1940, adds weight to the apparent legislative intention to restrict adoption to minor children. Moreover, there is no procedure of any kind provided in our statutes for the adoption of an adult.

■ We, therefore, hold that the adoption statutes, Tit. 27, §§ 1-9, of this state, in effect in 1961, did not and do not authorize the adoption of an adult.

Appellant states in brief that it is not his contention that the probate court is without jurisdiction to set aside on motion, a decree void on its face, but does contend that the motion filed in the instant case is a collateral attack upon the original decree of adoption and that decree is not subject to collateral attack. We do not reach the point where it is necessary to discuss this contention of appellant.

■ It is settled that where it appears on the face of the record that the judgment or decree is void, the court rendering it has inherent power to vacate it at any time, subsequent to its rendition, and such power is not dependent on statute. Hartigan v. Hartigan, 272 Ala. 67, 128 So.2d 725; Cleveland v. Cleveland, 263 Ala. 530, 83 So.2d 281; Griffin v. Proctor, 244 Ala. 537, 14 So.2d 116; Sweeney v. Tritsch, 151 Ala. 242, 44 So. 184.

An appeal lies from the ruling of the court, whether the motion to set aside be granted or refused, provided that the granting does not reinstate the original cause for further proceedings. Griffin v. Proctor, 244 Ala. 537, 14 So.2d 116; Ford v. Ford, 218 Ala. 15, 117 So. 462; Robinson Co. v. Beck, 261 Ala. 531, 74 So.2d 915.

We note that the motion to set aside or vacate is proper when the decree or judgment is void from all matters which appear on the face of the record, and the invalidity is not limited to what may appear only in the judgment or decree. Claunch v. Entrekin, 272 Ala. 35, 128 So.2d 100.

Here, the proceedings for the adoption of appellant in the Probate Court of Mobile County show on the face of the record that appellant was an adult when his adoption was attempted. Since our statutes do not authorize that court, acting as a court of limited jurisdiction, to approve the adoption of an adult, the decree was void and the court properly set it aside.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.