190 So.2d 716

**Robert Julian EVANS**

v.

**Louis R. ROSSER et al.**

**6 Div. 358.**

Supreme Court of Alabama.

Sept. 22, 1966.

164

Corretti, Newsom & Rogers, Birmingham, for appellant.

Ling & Bains, Bessemer, for appellees.

MERRILL, Justice.

This appeal is from a decree of the Probate Court of Jefferson County granting adoption of a young boy, James Rickey Evans, by his grandparents, the Rossers, who are the appellees. The appellant is the adoptive father of the boy who had been divorced by the boy's mother. The appellant contends that the adoption proceedings are a nullity because he did not consent.

The boy, James Rickey Posey, was born November 3, 1959, to James A. Posey and Olivia Rosser Posey, who were married on January 13, 1959, and divorced August 17, 1959, before the birth of the child. His mother married appellant in November, 1960, and appellant adopted James Rickey in December, 1961. Appellant and Olivia were divorced in January, 1965, with Olivia being given the custody of the child and appellant being denied visitation rights. Appellant appealed and we affirmed, Evans v. Evans, 278 Ala. 573, 179 So.2d 320.

On February 16, 1965, the Rossers, appellees and maternal grandparents of James Rickey, filed a petition for his adoption to them. Appellant filed a motion to dismiss the petition because, as the adoptive father, he had not given his consent. This motion was denied and the decree approving the adoption of James Rickey by the Rossers was entered December 27, 1965.

Appellant argues under proper assignments of error that the court erred in not dismissing the petition and in entering the decree of adoption because appellant, the legal adoptive parent, did not consent to the adoption.

In Alabama, the right of adoption is purely statutory and in derogation of the

common law, and the probate court acts as a court of limited jurisdiction in adoption proceedings, and unless the statute by express provision or necessary implication confers the right of adoption, such right does not exist. Doby v. Carroll, 274 Ala. 273, 147 So.2d 803.

The applicable statute is Tit. 27, § 3, Code 1940, which provides in part:

"No adoption of a minor child shall be permitted without the consent of his parents, but the consent of a parent who has abandoned the child, or who cannot be found, or who is insane or otherwise incapacitated from giving such consent, or who has lost guardianship of the child, through divorce proceedings, * * * may be dispensed with, * * *."

■ The petition for adoption in the instant case did not aver that the appellant had abandoned the child, could not be found, was insane or otherwise incapacitated. It did not, in fact, mention his name, but said:

" * * * That the names and addresses of the parents or next of kin of said child are as follows:

"Olivia Rosser Evans, Route 14, Box 1396, Birmingham, Alabama the mother, who was awarded custody of said child by decrees of the Circuit Court of Jefferson County, Alabama, Bessemer Division, in Case No. 17785 and Case 21010,

"That said child is in the custody or guardianship of Olivia Rosser Evans."

The necessary implication from the averment in the petition is that the mother had the custody or guardianship of the child and that it was so awarded by the divorce decree. We think this averment sufficiently met the statutory requirement and "the jurisdiction of the probate court was properly invoked because the petition filed in the probate court contained all the allegations necessary to give the court jurisdiction." Claunch v. Entrekin, 272 Ala. 35, 128 So.2d 100.

But appellant argues that we cannot reach such a conclusion because of the holding in McGowen v. Smith, 264 Ala. 303, 87 So.2d 429, that the probate court was without jurisdiction to grant adoption when the consent of the natural father was not obtained, and the mother was awarded custody of the child under a divorce decree, but the father was permitted visitation rights under the same decree.

■ The facts here are easily distinguished from McGowen v. Smith, supra. Here, the appellant, the adoptive father, had no rights of visitation. Here, where the divorce of the mother of Rickey from appellant was on the ground of cruelty, and the testimony was that appellant had beaten Rickey with a belt on several occasions, the trial court denied visitation rights to appellant and stated that all matters pertaining to the visitation privileges of appellant with James Rickey were reserved pending the conduct of appellant. The decree went further and enjoined appellant from going on the premises where his wife was living with her parents, the Rossers (appellees here), and from making any threats to his wife or Mr. Rosser. These points were discussed on appeal and this court upheld the decree of the trial court. Evans v. Evans, 278 Ala. 573, 179 So.2d 320. We note that the two natural children of appellant and his wife were permitted to visit appellant two weekends each month but Rickey was not included.

■ We hold that the decree denying any visitation rights to appellant so far as Rickey was concerned, and the enjoining of appellant from going on the premises of the Rossers where Rickey and his mother were living, was sufficient to show that appellant had "lost guardianship of the child, through divorce proceedings," and his consent to the adoption was not necessary.

We have found no Alabama cases exactly in point, but the case of In re Jaren's Adoption, 223 Minn. 561, 27 N.W.2d 656, is much like the instant case. There, the paternal

uncle and aunt sought to adopt the child and the adoptive father had not given his consent under a statute similar to ours. The court said that it was the adoptive father's "shortcomings that brought about his divorce from the child's mother"; that his probationary period of more than five years since the divorce was granted had not been satisfactory; and that his claimed right of the child's custody had "resulted only in trouble and turmoil." The court held that his consent was not required for the adoption under the statute which provided that "the consent of a parent * * * who has lost custody of the child through divorce proceedings * * * may be dispensed with, * * *."

Appellant argues that the statement of the trial court in the divorce decree that "All matters pertaining to the visitation privileges of the Respondent (appellant) with James Rickey Evans are reserved pending conduct of Respondent" was a reservation of rights to appellant and that appellant, on December 7, 1965, filed a motion before the circuit court in equity to modify the final decree of divorce and that this motion is still pending. Appellant argues that the decree of adoption would oust the circuit court of its jurisdiction to modify the decree of divorce to award appellant visitation rights with Rickey. There is no merit in this argument.

When a court of equity has properly assumed jurisdiction over a child, that jurisdiction cannot be disturbed, or ousted, or in any way arrested by a resort to another tribunal. In respect to infants within its jurisdiction, its powers are original and inherent. Wright v. Price, 226 Ala. 468, 147 So. 675; Murphree v. Hanson, 197 Ala. 246, 72 So. 437.

A court of equity has jurisdiction to withdraw custody of a child from a natural parent and with stronger reason from an adoptive parent. Adoption proceedings cannot defeat that power, and do not judicially determine the right of custody as against a natural parent. Praytor v. Cole, 247 Ala. 259, 23 So.2d 713.

None of the argued assignments of error presents reversible error.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.