261 So.2d 907

**Ivy Donald TAYLOR**

**v.**

**James W. McCORMICK.**

**1 Div. 61.**

Court of Civil Appeals of Alabama.

May 1, 1972.

James R. Owen, Bay Minette, for appellee.

BRADLEY, Judge.

This is an appeal from a final order of the Probate Court of Baldwin County granting the petition of appellee to adopt his step-daughter.

Appellant and appellee's present wife were married in 1960. They were divorced the second time in 1969. The daughter, who is the subject of this controversy, was born in 1962.

The divorce decree gave custody of the daughter to appellant's former wife with the requirement that appellant pay $100 per month child support. The decree also gave appellant certain visitation rights.

Richard C. Shelby, Tuscaloosa, for appellant.

The appellee and appellant's former wife were married on June 24, 1969. The daughter has lived with her mother and appellee since that time.

On May 26, 1970 appellee filed his petition in the Probate Court of Baldwin County asking that he be permitted to adopt his step-daughter, Ivy Ladonna Taylor.

Upon the filing of the petition, the Probate Court requested of the State Department of Pensions and Security an investigation of the matter and asked for a report. An investigation was made and a report filed with the court.

On January 26, 1971 a hearing was held on the petition and the court rendered a judgment on the same day, granting the petition for adoption.

An appeal from the judgment permitting the adoption was perfected on July 21, 1971.

The bill of exceptions was filed in the Probate Court clerk's office on July 22, 1971.

78

The appellee has filed a motion asking this court to strike the bill of exceptions for the reason that it was not filed within the time required by law. The motion was filed with this court on the same day that this case was submitted for decision.

In his motion appellee also requested that we dismiss the appeal.

We consider the motion to strike the bill of exceptions to be well taken.

Title 7, Section 822, Code of Alabama 1940, as Recompiled 1958, provides, in pertinent part, as follows:

"Bills of exceptions must be filed in the office of the clerk of the trial court within ninety days from the day on which the judgment, or the order granting or refusing motion for new trial, was entered, and not afterward. . . . Presentation of the bill of exceptions within ninety days after the granting or refusing of a motion for a new trial shall be sufficient to preserve for review the rulings of the trial court on the trial of the original cause, as well as the ruling of the court on the motion for a new trial."

Title 7, Section 827, Code of Alabama 1940, as Recompiled 1958, provides as follows:

"The appellate court may strike a bill of exceptions from the record or file because not presented or signed within the time required by law, but shall not do so ex mero motu, but only on motion of a party to the record or his attorney; the object and effect of this statute being to allow parties to waive or consent for the time of signing bills of exceptions."

As appears on the face of the record, the bill of exceptions was not filed with the Probate Court until July 22, 1971, whereas the final judgment, which is the subject of this appeal, was rendered on January 26, 1971. It clearly appears from the face of the record that the bill of exceptions was filed with the trial court more than ninety

(90) days after the rendition of the final judgment of adoption which is the subject of this appeal.

The Court of Appeals in Wright v. McCullough, 16 Ala.App. 575, 80 So. 149, said:

". . . The bill of exceptions not showing on its face that it was presented within 90 days from the rendition of the judgment, under the uniform rulings of this and the Supreme Court it cannot be looked to as a basis of showing error."

Then the Supreme Court, in Ex parte Hill, 205 Ala. 631, 89 So. 58, had the following to say:

"Section 3019 of the Code is mandatory in its requirement that bills of exceptions must, if correct, be signed by the trial judge within 90 days after the date of presentation; and bills not so signed must be stricken on proper and seasonable motion. Baker v. C. of G. Ry. Co., 165 Ala. 466, 51 So. 796; Buck Creek Lbr. Co. v. Nelson, 188 Ala. 243, 66 So. 476; Deason v. Gray, 189 Ala. 672, 66 So. 646; Sellers v. Dickert, 194 Ala. 661, 69 So. 604; T. C. I. & R. R. Co. v. Perry, 10 Ala.App. 371, 64 So. 651.

"Section 3020 of the Code is restrictive, and not enabling, and its only purpose and effect is to prevent the appellate court from striking bills not signed within the time prescribed by law, ex mero motu, as was formerly the practice. It does not change the mandatory character of the provisions of section 3019, nor arm the appellate court with any discretion with respect to the granting of a motion properly made and seasonably invoking the mandatory rule of the statute.

\* \* \* \* \* \*

"The action of the Court of Appeals in striking the bill of exceptions in this case on the seasonable motion of counsel for the state was in accordance with the law as we have stated it, and the petition for the writ of certiorari to review that action must be denied."

There is no motion for new trial filed in this case and the appellee has moved this court to strike the bill of exceptions for the reason that they were not filed in the trial court within 90 days of the rendition of the final judgment, which was January 26, 1971.

Under these circumstances, we have no choice but to strike the bill of exceptions.

After the bill of exceptions has been stricken, the appeal then will be decided on the basis of the record proper. Teal v. State, 30 Ala.App. 109, 1 So.2d 316.

In the case at bar the record proper, sans the bill of exceptions, consists of the petition for adoption filed by the appellee, consent of the natural mother who is now the wife of appellee-petitioner to the adoption, referral of the matter contained in the petition to the State Department of Pensions and Security, report of the Baldwin County Department of Pensions and Security to the court in response to the referral of said petition, the two final decrees of the divorces of appellant and his former wife, the mother of the child that is the subject of these proceedings, orders setting the matter for hearing before the court, with notice to appellant and the Department of Pensions and Security, orders of continuance, and the final judgment of the court granting the petition, wherein it provides in pertinent part: ". . . and that no valid cause is shown why said child should not be legally adopted and the petition in this cause allowed."

It has been held in Alabama that the Probate Court acts as a court of limited jurisdiction when it entertains and decides adoption matters. Claunch v. Entrekin, 272 Ala. 35, 128 So.2d 100. The reason that the court is one of limited jurisdiction is because the right of adoption is purely statutory. Evans v. Rosser, 280 Ala. 163, 190 So.2d 716. And no right to adoption exists except by the statute. Evans v. Rosser, supra.

Title 27, Section 3, Code of Alabama 1940, as Recompiled 1958, provides, in pertinent part, as follows:

"No adoption of a minor child shall be permitted without the consent of his parents, but the consent of a parent who has abandoned the child, or who cannot be found, or who is insane or otherwise incapacitated from giving such consent, . . . may be dispensed with, . . ."

The petition in the case at bar did not aver that appellant had given his consent to the adoption, or that appellant was insane or otherwise incapacitated, or that appellant had abandoned his child.

The petition did aver that the natural mother had been awarded custody of the child in the divorce proceeding.

It appears from the report of the Department of Pensions and Security, which was filed with the court, that the father objected to his daughter being adopted by the appellee.

It also appears from the divorce decrees that appellant had reasonable visitation rights and had been required to support the child.

The Supreme Court decided in McGowen v. Smith, 264 Ala. 303, 87 So.2d 429, that an allegation in the petition that the natural father had given his consent to the adoption was essential to the jurisdiction of the Probate Court. The court in this same case also said that the fact that the father had only visitation rights as a result of a divorce decree, where the mother had been given custody, did not obviate the necessity of an allegation of consent.

As previously stated, the petition did not aver that appellant had abandoned his daughter.

In Schwaiger v. Headrick, 281 Ala. 392, 203 So.2d 114, the Supreme Court said that the petitioner-stepfather must, in order to sustain his petition, show that the natural father had either consented to the adoption

or had abandoned his child. In the cited case the petition contained allegations that the natural father had abandoned his child.

In the case at bar there was no allegation that the natural father had abandoned his child.

There being no allegation in the petition that appellant had given his consent to the adoption, and no allegation that appellant had abandoned his daughter, we conclude that the required jurisdictional features of the petition necessary to undergird the court's judgment do not appear on the face of the record.

The trial court, not having jurisdiction of the matter, was without authority to grant the adoption.

Reversed and rendered.