315 So.2d 602

**Brenda Turner DAVIS**

v.

**Tom W. TURNER and Hattie P. Turner.**

**Civ. 549.**

Court of Civil Appeals of Alabama.

July 2, 1975.

Ronnie E. Keahey, Grove Hill, for appellant.

A. Michael Onderdonk, Chatom, for appellees.

BRADLEY, Judge.

This is an adoption case.

On October 21, 1974 a petition for adoption was filed in the Probate Court of Washington County. The appellees-plaintiffs below are the paternal grandparents of the minor child sought to be adopted. The answer filed by defendant below averred that the plaintiff was the mother of the minor child; that she was sixteen years of age; that she was divorced from the child's father; that she consented to the adoption but that such consent was obtained by fraud, coercion and misrepresentation; and that no guardian-ad-litem was appointed to represent her at the signing of the consent for adoption.

Testimony was taken ore tenus before a Special Probate Judge of said county, and the court rendered a final judgment on December 11, 1974. In its judgment, the court ordered that the child be legally adopted by the paternal grandparents; that the evidence failed to show appellant's consent to the adoption was obtained by fraud, coercion or misrepresentation; that no valid cause existed why the child should not be adopted; and that ". . . a copy of this decree be given to the State Department of Pensions and Security and to the State Registrar of Vital Statistics, State Department of Health of Alabama, . . ." From that judgment an appeal was perfected to this court.

Appellant has filed and argued several assignments of error whereby she contends that the trial court erred in ordering that appellees be permitted to adopt her child. Unfortunately, the issues raised by appellant cannot be reached due to a jurisdictional infirmity that must be recognized ex mero motu.

The Court of Civil Appeals of Alabama has exclusive jurisdiction of appeals from final judgments in adoption proceedings. Title 13, Section 111(3) and Title 7, Section 775, Code of Alabama 1940, as Recompiled 1958.

The judgment in the case at bar is not a final judgment, but at most an interlocutory order; hence it will not support an appeal.

The right of adoption in Alabama is purely statutory and in derogation of the common law. *Evans v. Rosser*, 280 Ala. 163, 190 So.2d 716. And, any proceedings had relating to the adoption of children must conform to the statute authorizing such proceedings.

In the instant case the paternal grandparents sought to adopt their grandson, and it was incumbent upon them to observe the statutory requirements for adopting a grandchild. For the adoption of grandchildren, Title 27, Section 6, Code of Alabama 1940, as Recompiled 1958, and as amended, provides in pertinent part as follows:

". . . A grandfather, a grandmother, . . . may petition the probate court of his or her county of residence for leave to adopt a minor grandchild, . . . but no such adoption shall be permitted without the consent of the natural parent or parents except as provided in section 3 of Title 27, Code of Alabama, 1940. The same procedure shall be followed as in adopting a child other than a child of the degree of relationship described above, except that if the court determines that the said child or children has or have resided in the home of the grandfather, grandmother, brother, half-brother, sister, half-sister, aunt or uncle, and their spouses, if there be any, for a period of one year or more, the court may, within its discretion, if it appears that the adoption is likely to be successful and is for the best interests of the child or children, immediately enter the final order of adoption."

The procedure for adopting a child other than a grandchild by a grandparent is set out in Title 27, Section 2, Code of Alabama 1940, as Recompiled 1958, wherein it provides that a petition filed in the probate court seeking adoption of a child shall contain a statement of the names and addresses of the petitioners and the child and their relationship. Where the parties are closely related there is no necessity for the Department of Pensions and Security to investigate the petitions and report their findings; otherwise there must be an investigation and report by the Department of Pensions and Security. Upon the day set for a hearing, the court shall hear the matters contained in the petition and examine all parties in interest.

Section 4 of Title 27, Code of Alabama 1940, as Recompiled 1958, provides that if the court is satisfied that the natural parents should not further retain the care, custody and guardianship of the child in question and the foster parents are financially able and morally fit to have the care and supervision of the child, it shall make an interlocutory order setting forth the facts and declaring that from the date of the final order of adoption in such case, such child for all legal purposes will be the child of petitioners. It is further provided that the final order of adoption shall not be granted until the child shall have lived in the petitioner's home for six months after the issuance of the interlocutory order. Of course, as the statute provides, the probate court may, at any time before the entry of the final order, revoke its interlocutory order for good cause.

Section 4 further provides that within ten days of the entry of the final order, the judge or the clerk of the court shall send a copy of the final order of adoption to the Department of Pensions and Security and the Bureau of Vital Statistics of the State Health Department.

Section 6 provides that where a stepchild is the subject of adoption and has lived in the home of the adopting stepparent for six months or more and the court considers the adoption will likely occur, and will be for the best interests of the child, the probate court may enter a final order. So far as a grandchild is concerned, this same section of Title 27 provides that if the grandchild has been living in the home of the adopting grandparents for a year or more, and it appears likely the adoption will occur because the best interests of the child will be served, the probate court may immediately enter the final order of adoption.

The record in the instant case shows without dispute that the child was only eleven months old on the date of the hearing and had been living in the home of the grandparents for only four months at

the time of the hearing. It is thus quite apparent that the statutory requirement for entering a final decree without having first entered an interlocutory decree had not been met. The case being in this posture, there was no final judgment of the probate court which would support an appeal to this court. At most, the order of December 11, 1974 was only an interlocutory order. An interlocutory order of adoption is not appealable to this court; however, there are other methods of review of such an order.

The judgment of the Probate Court of Washington County not being a final judgment, is not appealable. This court lacking jurisdiction of the purported appeal in the instant case, has no choice but to enter an order dismissing it.

Appeal dismissed.

HOLMES, J., concurs.

WRIGHT, P. J., concurs in the result.

WRIGHT, Presiding Judge (concurring specially).

I concur that the appeal in this case must be dismissed, but not for the same reasons stated by the majority.

The decree rendered by the court below has all the language of a final judgment required by Title 27, Sec. 4. It is clearly intended as a final decree, even directing that notice be sent to the State Department of Pensions and Security. It may be assumed that such order was acted upon and that the Bureau of Vital Statistics may already have changed its records according to the directions of Section 4.

I am unable to see that such a final order may be "considered" as an interlocutory one by this court, merely because it should have been interlocutory.

I would hold the decree to be what it says it is, a final decree. However, such decree was entered contrary to statute (Sec. 4, Title 27) and thus is void. The authority of a court of probate in such cases is purely statutory. Exceeding such statutory authority results in a void decree. *Evans v. Rosser,* 280 Ala. 163, 190 So.2d 716. A void decree will not support an appeal. *Thornton v. First Nat. Bank of Birmingham,* 291 Ala. 233, 279 So.2d 496.

To hold the existing decree valid as interlocutory fails to remove its efficacy on the record. Its standing and authority should be removed as a matter of record.