This is an adoption case.
Appellees, Michael and Ann Smith, on April 21, 1981, filed with the Probate Court of Shelby County a petition for the adoption of James Zachary Milner. Along with the petition for adoption appellees filed a consent to adopt signed by Donna R. Milner, the child's natural mother and appellant in this action.
Subsequent to the above proceedings the appellant changed her mind regarding the desirability of allowing the adoption of her child. On July 3, 1981, the appellant filed with the Probate Court of Shelby County a petition to set aside the consent to adoption and a petition to dismiss the petition for adoption.
A hearing before the probate judge was held on August 17 and 18. On December 18, 1981, the probate judge entered the following order:
 1. That the petition to dismiss the petition to set aside the adoption and separately and severally the petition to set aside the consent to adoption are each separately and severally denied.
The appellant appeals from the December 18 order denying the aforementioned motions. The appellees, the persons attempting to adopt, have filed with this court a motion to dismiss the appeal.
The motion to dismiss the appeal is bottomed upon the premise that the probate court's December 18 order is not such a final order as would support an appeal. We agree and dismiss the appeal.
Unless otherwise provided by law, appeals lie only from final orders or judgments. Cates v. Bush, 293 Ala. 535, 307 So.2d 6
(1975). See Davis v. Turner, 55 Ala. App. 366, 315 So.2d 602
(1975); Ala. Code § 12-22-20 (1975). Section 26-10-4 sets out the requirements for the issuance of a final order of adoption. It provides, in pertinent part, the following:
 [I]f the court is satisfied that the natural parents have just cause for desiring to be relieved of the care, support and guardianship of said child, or have abandoned the child, or are morally unfit to retain its custody, that the petitioning foster parent or parents is or are financially able and morally fit to have the care, supervision and training of such child, that such child is suitable for adoption in a private family home and that such change of name and guardianship is for the best interest of such child, it shall make an interlocutory order setting forth the facts and declaring that from the date of the final order of adoption in such case, if such final order be afterwards entered as provided in this section, such child, to all legal intents and purposes, will be the child of the petitioner or petitioners and that its name may be thereby changed. . . . [S]uch final order of adoption shall not be granted until the child shall have lived for six months in the home of the petitioner subsequent to the issuance of the interlocutory order. . . . (Emphasis supplied.)
Section 26-10-4 clearly requires that an interlocutory order be entered before there can be a final order of adoption. In this case, as in Davis v. Turner, supra, it is apparent that the requirements of section 26-10-4 were not met. The order in this case that is appealed from does not even rise to the level of an interlocutory order as contemplated by section 26-10-4. The order *Page 131 
of December 18, 1981 is nothing more than it purports to be — an order denying the appellant's petitions to set aside her consent and to dismiss the petition for adoption.
This court in Davis v. Turner, supra, stated that an interlocutory order of adoption is not appealable to this court. Since even an interlocutory order pursuant to section 26-10-4 is not appealable, clearly the instant order is not appealable.
In closing we note that appellant's reliance upon Ex parteSullivan, 407 So.2d 559 (Ala. 1981), is misplaced. Admittedly the facts and issues before the court in Sullivan are similar to the underlying facts and issues of the present case. InSullivan, however, the appeal was from a final order of adoption. As stated above, there is no final order in the present case.
In view of the above this court has no alternative but to grant appellees' motion to dismiss the appeal.
APPEAL DISMISSED.
WRIGHT, P.J., and BRADLEY, J., concur.