BRADLEY, Presiding Judge.
This is an adoption case.
At the outset, we note that the record submitted to us on appeal is an A.R.A.P. 10(d) record. Consequently, our review will be based on this record.
The minor child, Kelly Diane Meyers, is the natural daughter of Marilyn Ezekiel and Danny Meyers. Although the record is silent as to whether the parents were married at the time of the child’s birth, Danny Meyers has not denied his paternity of the child. Likewise, the mother acknowledges Danny Meyers is the child’s father.
The father has been in prison since before his daughter’s birth. Immediately following her birth, the child was taken to the home of her maternal grandmother, Nellie Ruth Smith. The child has lived continuously with the grandmother since that date, and the grandmother has cared for the child.
The grandmother petitioned the court to adopt the child, and the petition was granted. The mother consented to the adoption. The father did not. Prior to the adoption proceeding, the grandmother was appointed guardian of the child. The grandmother had also previously been awarded temporary custody of the child.
The father appeals.
Adoption is a purely statutory right in Alabama. Evans v. Rosser, 280 Ala. 163,190 So. 2d 716 (1966). Consequently, a probate court has only limited jurisdiction in adoption proceedings and, without either express or implied statutory authority, the right of adoption is nonexistent. Evans, supra.
The code section conferring the right of adoption in Alabama provides, in pertinent part:
“No adoption of a minor child shall be permitted without the consent of parents, but the consent of a parent who has abandoned the child ... or who has lost guardianship of the child ... by the order of a court having jurisdiction may be dispensed with, and consent may be given by the guardian....”
§ 26-10-3, Code 1975.
The father maintains that he did not consent to the adoption as required by section 26-10-3, Code 1975. He further contends that, although section 26-10-3, Code 1975, removes the parental consent requirement *736 when the child has been abandoned, abandonment was neither alleged nor proven in the adoption petition. Consequently, he argues that the court lacked jurisdiction over the adoption proceedings.
In an adoption proceeding, parental consent is necessary unless one of the situations enumerated in the statute exists which eliminates the need for obtaining parental consent. § 26-10-3, Code 1975. Abandonment by a parent is one of those situations. Lankford v. Hollingsworth, 283 Ala. 559, 219 So.2d 387 (Ala. 1969). The petition must allege the abandonment for the probate court to have jurisdiction on that ground. Lankford, supra.
We have examined the adoption petition and fail to find any allegation of abandonment. The court, therefore, lacked jurisdiction to entertain the adoption proceeding on an abandonment ground. However, abandonment is not the sole criterion which can eliminate the need for parental consent. See, § 26-10-3, Code 1975.
Pursuant to the adoption statute, consent for an adoption “may be dispensed with, and consent may be given by the guardian” in cases where the parent has lost guardianship of the child. § 26-10-3, Code 1975. We turn to an examination of whether the petition sufficiently alleged a “loss of guardianship” so as to invoke the court’s jurisdiction on that ground.
The adoption petition averred:
“[Mjinor child is now in custody of Nellie Ruth Smith, Address Rt. 1, Box 61G, Weogufka, Al. 35183 by authority of District Court of Coosa County who retains custody of said minor child by order of District Court.”
Piled along with the petition were two consent documents. The mother granted her consent to the adoption as the child’s natural parent. The grandmother granted her consent as the child’s guardian.
We find that this petition’s averment, when considered along with the consent of the grandmother and mother, was sufficient to invoke the court’s jurisdiction. As in Evans, supra, “the necessary implication from the petition” is that the grandmother had custody and guardianship of the child by virtue of a court decree. It sufficiently “contained all the allegations necessary to give the court jurisdiction.” Claunch v. Entrekin, 272 Ala. 35, 128 So.2d 100 (1961).
The father further maintains in his brief that the grandmother was only the guardian of the child’s estate and that “loss of guardianship” as mentioned by the statute contemplates more. We reiterate that the record provided us in this case is an A.R.A. P. 10(d) record. We have examined it carefully and fail to find any words of limitation on the grandmother’s guardianship. Statements in brief that are not supported by the record cannot be considered. King v. Smith, 288 Ala. 215, 259 So.2d 244 (1972). Consequently, we attach no such limitation.
From the record submitted on appeal, it appears that both the grandmother, as the child’s guardian, and the mother consented to the adoption. The judgment of the trial court is affirmed. See, § 26-10-3, Code 1975.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.