564 So.2d 960 (1989)
Samantha Ann Barratt FOWLER
v.
Robert Charles MERKLE, Jr., and Barbara Ann Merkle.
In re The ADOPTION OF Rebecca Lea BARRATT and Lillian Rachel Barratt.
Civ. 7018.
Court of Civil Appeals of Alabama.
October 18, 1989.
*961 Walden M. Buttram, Gadsden, for appellant.
Howard B. Warren, Gadsden, for appellee.

ON REHEARING
INGRAM, Presiding Judge.
The original opinion issued in this case on August 9, 1989, is hereby withdrawn, and the following is substituted therefor.
The natural mother signed a consent to adopt on February 16, 1988. She later changed her mind regarding the desirability of allowing the adoption of her children. On April 15, 1988, the natural mother filed a motion in the probate court to set aside her consent to adoption and to deny the adoption. The case was transferred to the district court at the natural mother's request.
After an ore tenus proceeding, the district court found that the natural mother gave an informed, intelligent consent to the adoption of her children and that there was no basis for revoking the consent executed on February 16, 1988. The district court, therefore, denied the natural mother's motion.
The natural mother now appeals to this court, contending that the district court's order was in error.
At the outset, we note that, unless otherwise provided by law, appeals lie only from final orders or judgments. Wolf v. Smith, 414 So.2d 129 (Ala.Civ.App.1982). Here, the order denying the mother's petition to set aside the consent to adoption is not a final order of adoption. In fact, it does not even rise to the level of an interlocutory order of adoption. See Wolf, supra. Therefore, the instant order is not appealable. However, this court has, in the past, treated such an appeal as a petition for writ of mandamus and has reached the merits of the case. Alabama Department of Pensions & Security v. Johns, 441 So.2d 947 (Ala.Civ.App.1983).
We would note that this court's decision to treat an appeal as a petition for writ of mandamus is a discretionary function, and in the present case we have chosen to do so. However, we would caution parties in the future to utilize the proper "vehicle" to come before this court.
As noted above, the natural mother signed a consent to adoption and later changed her mind. After a review of the record, we find that the natural mother's consent was an informed and intelligent consent to adoption. Therefore, the natural mother's petition is due to be denied.
*962 As concerns any review of this decision, we would like to direct the natural mother's attention to the Alabama Rules of Appellate Procedure, Rule 39. Effective December 6, 1988, a party aggrieved by a decision of this court on a petition for writ of mandamus is not required to file an application for rehearing in this court as a prerequisite to review in the supreme court. Rather, the aggrieved party has the choice of proceeding by way of application for rehearing and then petition for writ of certiorari to the supreme court or by applying for immediate review in the supreme court without filing an application for rehearing.
APPLICATION FOR REHEARING GRANTED.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; WRIT DENIED.
RUSSELL, J., concurs.
ROBERTSON, J., concurs specially.
ROBERTSON, Judge (concurring specially).
I only attempt to clarify the method of review by this court of interlocutory orders. Rule 21(e)(4), Alabama Rules of Appellate Procedure, effective December 6, 1988, provides:
"(4) The term `extraordinary writ' within the meaning of this rule encompasses the situation where a party seeks emergency and immediate appellate review of an order that is otherwise interlocutory and not appealable."
Rule 21, A.R.A.P., further provides the alternative methods of review in the supreme court of a grant or denial of an extraordinary writ by the court of appeals.