INGRAM, Presiding Judge.
This is an appeal from a final order of adoption entered by the Juvenile Court of Cherokee County over the refusal of the State Department of Human Resources (department) to give its consent. The juvenile court specifically found that the department had refused to consent and that the concerns of the department in not consenting were not arbitrary or unreasonable. The juvenile court went further, however, and found that, pursuant to § 26-10-10, Ala. Code 1975, it is not as restricted as the probate court to the requirements of § 26-10-1 et seq. (the adoption statute).
The department appeals, basically contending that the juvenile court is required, pursuant to Ala.Code 1975, § 26-10-3, to find that its consent is being withheld un *334 reasonably or arbitrarily prior to granting the adoption. The petitioners, Ray and Barbara Ann Smith, argue, however, that pursuant to Ala.Code 1975, § 26-10-10, § 26-10-3 does not apply in the instant case because this case was transferred from the probate court to the juvenile court.
Ala.Code 1976, § 26-10-10, is as follows:
“The provisions of this chapter shall not apply to proceedings for the adoption of a child when such proceedings have been removed from the probate court to the juvenile court on motion of any party to the proceedings.”
Where, as here, this court is called upon to construe a statute, the fundamental rule is that the court has a duty to ascertain and effectuate the legislative intent. Ex parte Holladay, 466 So.2d 956 (Ala.1985). This intent may be gleaned from the language used, the reason and necessity for the act, and the purpose sought to be obtained. Holladay, supra. Furthermore, the entire statute should be considered and not just an isolated part, so that every clause is given effect in light of the subject matter and purpose of the law. Standard Oil Co. v. State, 55 Ala.App. 103, 313 So.2d 532 (Ala.Civ.App.1975).
In Alabama, there was no right to adoption at common law. In fact, prior to the Code of 1852, the right of adoption was limited to the legitimation of bastard children by their fathers. Abney v. DeLoach, 84 Ala. 393, 4 So. 757 (1888). Subsequent to 1852, however, statutes were codified creating such a right of adoption. See Abney, supra. Those statutes in their present form are Ala.Code 1975, § 26-10-1 through § 26-10-10. Therefore, adoption is purely a statutory right and, clearly, without the adoption statutes which confer the right to adoption, such right does not exist. Doby v. Carroll, 274 Ala. 273, 147 So.2d 803 (1962); Taylor v. McCormick, 48 Ala.App. 76, 261 So.2d 907 (Ala.Civ.App.1972).
Here, however, the petitioner argues that, in view of § 26-10-10, the juvenile court is not required to follow the requirements of § 26-10-1 et seq. It contends that § 26-10-10 is plain and unambiguous and must be interpreted to mean exactly what it says. We disagree. It would appear to this court that, if we followed such a construction of § 26-10-10, then it would leave the juvenile courts without an adoption statute to follow and, since there was no adoption at common law, adoption would not be possible in the juvenile court. Clearly, this was not the intent of the legislature in enacting § 26-10-10.
Rather, we find that the better reasoned interpretation of § 26-10-10 would be that “the procedural provisions” of the adoption statute do not apply when a case has been transferred to the juvenile court. Instead, the juvenile court would follow the procedural guidelines set up for it by the supreme court. See Alabama Rules of Juvenile Procedure; see also Ala.Code 1975, § 12-15-2(c). This would still require the juvenile court to follow the substantive provisions of the adoption statute.
In view of the above, we find that the juvenile court was required to follow § 26-10-3 as concerns the consent of the department. It is well established that, in a case such as this one in which the parental rights of the child’s natural parents have been terminated and the child’s custody is with the department, the consent of the department is required in order for the trial court to proceed with the adoption. Ex parte Department of Human Resources, 502 So.2d 771 (Ala.Civ.App.1987). This required consent of the department is jurisdictional, so that on its refusal to grant such consent, the court is without power to proceed to the paramount question of the child’s welfare and to issue an adoption order unless the department’s actions are found to be arbitrary and unreasonable. Vice v. May, 441 So.2d 942 (Ala.Civ.App.1983); Matter of Roberts, 349 So.2d 1170 (Ala.Civ.App.1977). We also note that the department’s refusal to consent cannot be deemed to be arbitrary or unreasonable “where there is a reasonable justification for its decision or where [such refusal] is founded upon adequate princi- *335 pies or fixed standards.” Ex parte Department of Human Resources, supra, at 772, quoting State Department of Pensions & Security v. Whitney, 359 So.2d 810, 812 (Ala.Civ.App.1978).
Here, the department did not give its consent to the adoption of the children, and the juvenile court specifically found that the department's concerns in not consenting did not constitute arbitrary or unreasonable concerns. Therefore, as the juvenile court is required to follow the substantive provisions of § 26-10-1 et seq., it did not have jurisdiction to proceed in this instance due to the lack of proper consent. Vice, supra.
In view of the above, we have no alternative but to reverse the juvenile court’s order of adoption and remand the case to that court to set aside the adoption.
REVERSED AND REMANDED.
ROBERTSON and RUSSELL, JJ., concur.