MURDOCK, Judge.
Steven Douglas Barsell, the father, and Jenny Whitney Barsell, the mother, were divorced by a judgment of the Madison Circuit Court in July 2001. Pursuant to the divorce judgment, custody of the parties’ son was awarded to the father and custody of the parties’ daughter was awarded to the mother.
At the time of the divorce, both parties lived in Huntsville, only a five-minute drive apart, and the children spent alternating weekends with each parent. In March 2002, without notifying the mother, the father moved himself and the parties’ son to Nebraska. As a result of the father’s moving to Nebraska, the mother filed a petition to modify custody, asking the court to award custody of both children to her.
Following ore tenus proceedings, the trial court entered an order that states, in pertinent part:
“The previous Divorce Decree except as modified herein remains in effect. So long as, the father shall return his and his son’s residence to Huntsville, Alabama no later than the end of the son’s current school semester, custody is not modified. The Court retains jurisdiction to modify custody, nunc pro tunc, should the father fail to comply.”
The father appeals, arguing that the trial court erred in retaining jurisdiction to modify custody nunc pro tunc. The mother argues, however, that the trial court’s order is simply not a final judgment that will support an appeal. We agree with the mother.
In Rollon v. Williamson, 846 So.2d 349 (Ala.Civ.App.2002), the trial court entered an order, similar to the one in the present case, requiring the mother to return to Montgomery from Louisiana with the parties’ minor child. The trial court in Rollon did not actually modify custody; it merely stated that it would reconsider the petition to modify if the mother did not return herself and the minor child to Montgomery within 30 days. A majority of this court in a special writing concurring in the result and in a dissenting opinion agreed that *861 such an order was not final for purposes of appeal. See Hollon, 846 So.2d at 353-54 (Murdock, J., concurring in the result, joined by Crawley, J.); Hollon, 846 So.2d at 355 (Yates, P.J., dissenting). In a portion of her dissent with which Judge Craw-ley and Judge Murdock agreed, Presiding Judge Yates wrote:
“Unless otherwise provided by law, appeals lie only from final orders or judgments. Fowler v. Merkle, 564 So.2d 960 (Ala.Civ.App.1989), writ denied, 564 So.2d 962 (Ala.1990). Here, the mother’s continued custody of the child is conditioned upon her moving back to Alabama; if she does not the trial court will reopen the father’s modification petition. Therefore, the instant order is not appealable.”
Hollon, 846 So.2d at 355 (Yates, P.J., dissenting).
For the same reasons as in Hollon, the order entered by the trial court in this ease is not appealable. The trial court neither granted nor denied the mother’s petition to modify; thus, there is no judgment from which an appeal may lie.
The mother’s request for the award of an attorney fee on appeal is granted in the amount of $1,000.
APPEAL DISMISSED.
CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.
YATES, P.J., concurs in part and concurs in the result in part, with writing.