## Lewis et al. v. Louisville and Jefferson County Children's Home et al.

March 11, 1949.

Benjamin Mazin for appellants.

Samuel Steinfeld and Steinfeld & Steinfeld for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Affirming.

Appellants seek by this suit to adopt an infant girl who is now about a year and a half old. Appellee, Louisville and Jefferson County Children's Home, to whom the child had been committed by court order, objected to this adoption and prayed for custody of the child. The Chancellor dismissed appellants' petition, and adjudged that they surrender the child to the Home.

Appellants, husband and wife, live on a small farm near Buechel, which they rent. They are in their thirties, and have two boys of their own, aged 13 and 8, respectively. For some time this couple has been boarding children for the Home, receiving compensation therefor, and there is no question but what they are good people and have satisfactorily taken care of children entrusted to their care.

Appellant, Manville Lewis, works as a shop helper for the L. & N. Railroad Company and earns wages approximating $300 per month. He and his wife also have additional income from the raising of crops and poultry on the farm. However, they do not appear to have saved any money, although they lived comfortably. Their home is a nice one, but is not owned by them.

The infant girl involved was turned over to them by the Home when she was just about a week old, and appellants have cared for her continuously ever since. The mother of the child has agreed to this adoption, but the Home and the Department of Welfare have interposed objections based principally on the ground it would be best for her if she was adopted by persons of better education and with greater financial security. It appears the Home has given this child various tests from time to time, as is customary, and she seems to have unusual mental capacity. For this reason the officials of the Home think the future of the child will be better served if she is raised in a more promising environment.

Appellants' principal ground for reversal of this judgment is that the Home is acting unreasonably and arbitrarily in refusing consent to this adoption. If such was the case, the Court could properly authorize the adoption even without the consent of the Department

of Welfare or the institution having the right to legal custody. McKinney v. Quertermous, 306 Ky. 169, 206 S.W.2d 473.

We have carefully reviewed the evidence, and it does not appear the Department or the Home has acted arbitrarily or unreasonably in objecting to this adoption. As above noted, this child has the promise of a bright future, and the evidence shows it is possible to place her in a much better home than appellants are able to furnish. This is no reflection on them, but it is a matter of serious moment in determining what will be for the best interests of the child. This consideration, along with ability to properly maintain and educate the child, are necessary factors the Court must take into account before authorizing adoption. (KRS 405.320(1).) There was ample evidence to support the Chancellor's finding that the Department and the Home did not act arbitrarily or unreasonably in contesting this adoption, and that the child's welfare will best be served by having her returned. See McGary v. Children's Agency, 306 Ky. 429, 208, S.W.2d 318.

Appellants further contend the judgment is erroneous regardless of the merits of the case because no guardian and litem was appointed for the infant child. KRS 405.300(8) only requires a guardian and litem where the parent is not made a party defendant. Since the child's mother was made a defendant, the infant was represented by her. There is, consequently no merit in this objection.

For the reasons stated, the judgment is affirmed.