This is an adoption case.
The Probate Court of Mobile County conditionally granted the Whitneys' petition of adoption with the order to become final six months thereafter as provided by the statute. The Department of Pensions and Security [hereinafter D.P.S.] has sought relief from the order of the Probate Court of Mobile County by writ of mandamus. The relief sought by D.P.S. is the setting aside of the probate court's order.
The pertinent facts, as revealed by the petitions and briefs filed with this court, show the following:
The Circuit Court of Mobile County, on June 11, 1976, terminated all legal rights of the natural parents in Anthony Louis Roberts. The legal guardianship and permanent custody of the child was granted to D.P.S. The D.P.S. was granted full power to proceed with permanent plans for the child which included the right to place the child for adoption and to consent to such adoption.
In July of 1975, the child was placed in the Whitneys' home as a foster child. On October 29, 1976, the Whitneys petitioned the probate court for adoption of the child. The D.P.S. then made a motion to dismiss the adoption petition. This motion was based on D.P.S. finding the adoption not to be in the best interest of the child and D.P.S. would thus not consent to the adoption petition. On July 26, 1977, the probate court issued the interlocutory order granting the Whitneys' petition of adoption. It is from this order that the D.P.S. seeks relief.
The D.P.S. takes the position that their consent to an adoption is a jurisdictional requirement when a juvenile court, or court of like jurisdiction, has terminated parental rights in the natural parents and has granted guardianship and permanent custody of the child to D.P.S. The department further contends that a motion to dismiss an adoption petition should be granted when D.P.S. does not consent to an adoption.
The respondents, through able counsel, argue that an administrative agency (i.e., D.P.S.) cannot arbitrarily prevent an adoption by the simple withholding of its consent.
The initial question for answer by this court is whether the consent of D.P.S. is a necessary prerequisite to the adoption of a child committed to its care. Should that question be answered in the affirmative, the next question is whether D.P.S. can unreasonably or arbitrarily withhold its consent.
The law in Alabama concerning adoptions is settled in that consent of the parents or, in certain cases, the department *Page 1172 
of public welfare is required in order to proceed with the adoption petition. Tit. 27, § 3, Code of Alabama 1940, Recomp. 1958, provides, in pertinent part, that:
 "No adoption of a minor child shall be permitted without the consent of his parents, but the consent of a parent . . who has lost guardianship of the child . . . by order of a juvenile court or court of like jurisdiction, may be dispensed with, and consent may be given by the guardian if there be one, or if there be no guardian by the state department of public welfare." [Emphasis supplied.]
This section is construed to mean that the consent of D.P.S. [formerly public welfare] is required only when the custody of the child has been awarded to that agency, or where there is no parent whose consent is required and the child has no guardian.See Lankford v. Hollingsworth, 283 Ala. 559, 219 So.2d 387
(1969); and Davis v. Turner, Ala.Civ.App., 337 So.2d 355, 361
(1976), wherein this court said:
 "Where a required consent has never been given, the trial court never obtains jurisdiction to proceed to the paramount question of the child's welfare. . . ."
The facts, as set out above, show that D.P.S. is the proper party to consent since legal guardianship has been placed with them. The natural parents had their parental rights permanently terminated by an order of the Circuit Court of Mobile County and, therefore, they are powerless to consent.
Thus, it can be seen that the giving of consent by D.P.S. is a prerequisite to the probate court's consideration of the subject matter.
The initial question having been answered in the affirmative, we now proceed to ascertain whether D.P.S. can arbitrarily withhold its consent to the adoption of a child that has been committed to its custody and care. We find that it cannot arbitrarily withhold its consent.
The Court of Appeals of Kentucky, when faced with a similar problem, stated that:
 "[A] court may properly authorize an adoption without the consent of the Department where that consent is unreasonably or arbitrarily withheld." Commonwealth, Dept. of Child Welfare v. Jarboe, Ky., 464 S.W.2d 287, 291 (1971).
Any other interpretation of the adoption statute would make the probate court helpless and impotent in such a proceeding and would place the ultimate decision regarding adoptions such as this in the D.P.S. See McKinney v. Quertermous, 306 Ky. 169,206 S.W.2d 473 (1974). Whether the consent of the D.P.S. is being withheld unreasonably or arbitrarily is a question of fact. The burden of proof is on the party asserting that the consent of D.P.S. is being withheld arbitrarily or unreasonably. And, the probate court must decide, after a hearing, whether D.P.S. is, in fact, arbitrarily withholding its consent to the adoption. See Straszewicz v. Gallman, Ala.Civ.App., 342 So.2d 1322 (1977).
Summarizing, the consent required of the D.P.S. is jurisdictional, so that on its refusal to grant such consent, the court is without power to issue an adoption order unless
the agency's action is found to be arbitrary and unreasonable.See 2 C.J.S. Adoption of Persons § 55 (1972); Commonwealth,Dept. of Child Welfare v. Jarboe, supra; Lewis v. Louisvilleand Jefferson County Children's Home, 309 Ky. 655,218 S.W.2d 683 (1949).
It appears to us that the probate court considered the natural parents' consent, along with D.P.S.'s consent, to be essential to its jurisdiction to hear and decide the merits of the adoption petition. As previously noted, the mother and father had lost their parental rights and their consent therefore was meaningless. Consequently, the consent of D.P.S. was absolutely essential to the jurisdiction of the probate court.
The probate court indicated that D.P.S. was arbitrarily withholding its consent, but the decree does not indicate that the Whitneys *Page 1173 
were required to allege and prove that D.P.S. was acting arbitrarily in withholding its consent nor that D.P.S. was given an opportunity to refute such allegations. Furthermore, a transcript of this proceeding is not before this court. For this reason, we deem it necessary to return this matter to the probate court so that the question of whether D.P.S. has arbitrarily withheld its consent to the adoption can be properly considered by that court at a hearing held for that purpose.
Therefore, the writ is provisionally granted subject to the matter at bar being disposed of as outlined above. Pending such proceedings in the probate court, the interlocutory adoption order is vacated.
WRIT PROVISIONALLY GRANTED.
All Judges concur.