373 So.2d 863 (1979)
WALKER COUNTY DEPARTMENT OF PENSIONS AND SECURITY, an Agency of the State of Alabama
v.
Howard MASON and Betty Joan Mason.
In the Matter of Lisa Marie HILL.
Civ. 1826.
Court of Civil Appeals of Alabama.
August 8, 1979.
Charles A. Graddick, Atty. Gen., Mary Lee Stapp, Clyde P. McLendon, Asst. Attys. Gen., for appellant.
Hugh Beaird, of Selman, Beaird & Selman, Jasper, for appellees.
WRIGHT, Presiding Judge.
This is an appeal from an order by the Walker County Circuit Court, Juvenile Division, *864 awarding permanent custody of Lisa Marie Hill to Howard and Betty Joan Mason and continuing a petition by the Masons to adopt her. We affirm.
The record discloses that the child, Lisa Marie Hill, was born on April 27, 1975 to John and Charlene Hill. On August 7, 1975, a Walker County Circuit Court judge issued an emergency order giving temporary custody of the child to the Walker County Department of Pensions and Security (DPS) because of the apparent abandonment of the child by its parents and the need of immediate medical attention to the child. Lisa was placed by DPS in the foster home of Howard and Betty Joan Mason pending a hearing by the court.
In February 1976, Lisa was removed from the Mason's home and placed in another foster home and on December 3, 1976, DPS filed a petition in the Juvenile Court for permanent custody of the child. On January 11, 1977, the Masons filed a petition to adopt Lisa in the Probate Court of Walker County. A consent to adoption signed by the child's natural mother was attached to the petition. The following day the Masons filed a motion to intervene in the petition for permanent custody by the DPS.
During the next several months, the parents of the child signed written consent forms both for the adoption of Lisa by the Masons and permanent custody by DPS. Finally, in April 1978, the adoption petition was removed to the Walker County Juvenile Court on motion by the DPS. There it was consolidated for hearing with the DPS petition for permanent custody. That court ordered that permanent custody of Lisa be awarded to the Masons and that the adoption proceeding be continued until the child had lived with the Masons for the statutory period and DPS had made the appropriate investigation and report. DPS appeals from that order.
The DPS first contends that the trial court erred in denying its motion to dismiss appellee's motion to intervene in the petition for permanent custody. In Alabama intervention is permitted as of right in certain circumstances and with the permission of the court in others. Rule 24, ARCP. The granting of a motion to intervene is within the discretion of the trial court and we will not disturb its decision on appeal absent a showing of abuse of discretion. Such an abuse does not appear in this case.
The DPS next contends that the court did not have jurisdiction to hear the Masons' petition for adoption because the DPS had not given its consent to the adoption. Section 26-10-3, Code of Alabama (1975), on which the DPS relies, requires the consent of the parents of a minor child to his adoption except in certain situations where the parents may be said to have lost guardianship of the child or the capacity to give consent. In these situations consent may be given by the child's legal guardian, or if there is no guardian, by the DPS. This court in the case of In re Roberts, 349 So.2d 1170 (Ala.Civ.App.1977) construed this section to mean that "the consent of the DPS is required only when the custody of the child has been awarded to that agency, or where there is no parent whose consent is required and the child has no guardian." In Roberts permanent custody of the child had been granted to the DPS and the parental rights of the natural parents permanently terminated by an order of the Mobile County Circuit Court.
In the present case no such order exists. The DPS had only temporary custody of Lisa at the time consent was required for the adoption to proceed. Where the permanent custody of a child has not yet been placed with the DPS the consent of the child's natural parents is sufficient to support an adoption proceeding. The DPS contends that the parents of Lisa did not, in fact, consent to her adoption by the Masons, and points to the mother's withdrawal of consent and to the forms signed by the parents consenting to permanent custody by the DPS.
The record discloses that between January 11, 1977 and December 6, 1977, the parents of this child signed a number of consent forms authorizing, variously, *865 adoption by the Masons and permanent custody by the DPS. It is clear that the parents were confused by the situation surrounding their child and were only concerned that the child be well cared for. It is equally clear that neither parent wanted to retain custody of the child and that neither parent objected to adoption of Lisa by the Masons. The trial court heard the witnesses and had an opportunity to observe the parties at trial. It was the finding of the trial court that the child's parents had consented to the adoption by the Masons. This finding is presumed to be correct and will not be disturbed on appeal unless such finding is clearly erroneous. Dale County Department of Pensions & Security v. Robles, 368 So.2d 39 (Ala.Civ.App.1979). The record discloses sufficient evidence to support this finding by the court. The final contention of the DPS is that the court's order was not in the best interest of Lisa. It is well established that the polestar to which the court must look in a case dealing with child custody is the best interest of the child. Williams v. Pope, 281 Ala. 416, 203 So.2d 271 (1967). It is clear from the testimony in this case that the Masons love Lisa and that they have the ability to provide a good home for her. The DPS has not contended otherwise. The DPS argues, however, that the Masons should not be allowed to adopt Lisa because of their contact with Lisa's natural parents. This is a legitimate concern. However, it is a matter for the trial court to consider and where the decision is not shown to be clearly erroneous we will not substitute our judgment for that of the court below. Dale County Department of Pensions & Security v. Robles, supra.
The trial court found that it would be in Lisa's best interest to allow the Masons to proceed with the adoption. We must agree. Certainly it is not in the best interest of the child to continue to place her in foster homes when acceptable adoptive parents are available. Additionally, it is significant that the order of the court is not a final order of adoption and the court retains jurisdiction to alter custody if it finds that this custody arrangement and adoption is not in the best interest of the child. Williams v. Williams, 312 So.2d 396 (Ala.Civ.App.1975). We cannot say that the finding of the trial court was plainly erroneous.
The decree of the court below is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.