The Department of Pensions and Security refused to give its consent to an adoption sought by Mr. and Mrs. Sanders. An oretenus hearing was held regarding this refusal
The Probate Court of Russell County found the Department of Pensions and Security had not acted arbitrarily or unreasonably in withholding its consent. The Sanderses appeal and this court affirms
At the outset we note that it is not necessary or prudent to set out in any detail the facts surrounding the instant appeal The following will suffice
The child whose adoption was sought is in the permanent custody of the Department of Pensions and Security. The parental rights of the child's parents had been previously terminated. Mrs. Sanders, the appellant, is the maternal grandmother of the child *Page 949 
Both parties to this appeal concede that, pertinently, prior to the adoption of the child the Department of Pensions and Security's consent thereto is required. § 26-10-3, Code of Ala 1975
As indicated, the Department refused to give consent Therefore, the question under appropriate Alabama law becomes whether the withholding of consent by the Department was unreasonable or arbitrary
The following is dispositive of this appeal:
In State Department of Pensions and Security v. Whitney,359 So.2d 810, 812 (Ala.Civ.App. 1978), this court quoted Matter ofRoberts, 349 So.2d 1170 (Ala.Civ.App. 1977), as follows:
 "Whether the consent of the D.P.S. is being withheld unreasonably or arbitrarily is a question of fact The burden of proof is on the party asserting that the consent of D.P.S. is being withheld arbitrarily or unreasonably. And, the probate court must decide, after a hearing, whether D.P.S. is, in fact, arbitrarily withholding its consent to the adoption See Straszewicz v. Gallman, Ala.Civ.App., 342 So.2d 1322 (1977)
 "Summarizing, the consent required of the D.P.S. is jurisdictional, so that on its refusal to grant such consent, the court is without power to issue an adoption order unless the agency's action is found to be arbitrary and unreasonable. . . ."
In Whitney, supra, this court further said:
 A finding by a probate court based on the examination of witnesses ore tenus is presumed to be correct and will not be disturbed on appeal unless such finding is plainly or palpably erroneous However, the burden of proving that DPS arbitrarily and unreasonably refused to consent to an adoption is on the party who is so contending. After a careful review of the facts in the instant case we conclude that the Whitneys failed to sustain the burden of proving that DPS arbitrarily and unreasonably refused to consent to the adoption by them of Tony Roberts..
Suffice it to say there is more than ample evidence to support the probate court's conclusion that the Department of Pensions and Security did not arbitrarily and unreasonably refuse to consent to the adoption of the child by the Sanderses
This case is due to be affirmed
AFFIRMED
WRIGHT, P.J., and BRADLEY, J., concur