This is an adoption case.
On December 14, 1982, the juvenile court terminated the parental rights of the mother of the child, the father being unknown, and the child's legal guardianship was placed with the Department of Pensions and Security (DPS). Mrs. Johns is the maternal aunt of the child and she and her husband (the Johnses) filed their petition in the probate court on December 29, 1982, to adopt the child. Those proceedings were transferred to the juvenile court upon the Johnses' motion in March 1983. In its report DPS objected to and did not consent to the child's adoption by the Johnses. The consent of DPS is a jurisdictional requirement in this case unless their withholding of it was arbitrary or unreasonable. Matter ofRoberts, 349 So.2d 1170 (Ala.Civ.App. 1977). The report of DPS detailed the reasons underlying their position. The Johnses amended their petition so as to aver that the action of DPS was unreasonable or arbitrary. The juvenile court found that DPS arbitrarily withheld its adoption consent and an interlocutory order of adoption was entered pursuant to section 26-10-4 of the Alabama Code of 1975. DPS appealed, but an appeal is not authorized from such an interlocutory order. Davis v. Turner, *Page 948 
55 Ala. App. 366, 315 So.2d 602 (1975). However, consistent with modern appellate judicial philosophy, we opt to treat this appeal as being a petition for a writ of mandamus in order to reach the issues of the case upon the merits. For example, seeCiticorp Person to Person Financial Center, Inc. v. Sanderson,421 So.2d 1293 (Ala.Civ.App. 1982).
A question of fact was presented to the juvenile court as to whether the consent of DPS was arbitrarily or unreasonably withheld. Sanders v. Department of Pensions and Security,406 So.2d 948 (Ala.Civ.App. 1981); State Department of Pensions andSecurity v. Whitney, 359 So.2d 810 (Ala.Civ.App. 1978); Matterof Roberts, 349 So.2d 1170 (Ala.Civ.App. 1977).
The record before us does not reveal that the Johnses met that burden for no evidence was presented by the Johnses upon that controversy. The only evidence which is included in the record on appeal is the report of DPS which contained no indication of an arbitrary decision on their part.
In the posture of the matter as disclosed by the record filed with us, it is necessary to return this matter to the juvenile court where the Johnses shall have the burden of proof that DPS acted arbitrarily or unreasonably in withholding its consent and where DPS shall have the opportunity to refute the allegations and proof in that regard. Matter of Roberts,349 So.2d 1170 (Ala.Civ.App. 1977). Evidently, the trial court has been previously involved for approximately two years with this child's custody and the juvenile court may consider the history of the case along with the stipulations, exhibits, etc., as presented at the required hearing in reaching its decision upon the matter. Witcher v. Motley, 417 So.2d 208 (Ala.Civ.App. 1982). As to what constitutes an arbitrary or unreasonable denial of consent to an adoption by DPS, the juvenile court shall consider State Department of Pensions and Security v.Whitney, 359 So.2d 810 (Ala.Civ.App. 1978), insofar as it may be applicable. Nothing contained herein shall be deemed as any intimation by this court as to what the final determination of the juvenile court should be upon this factual issue.
Accordingly, a writ of mandamus is provisionally granted subject to the matter at bar being disposed of by the juvenile court as outlined above. Pending those proceedings in the juvenile court, the interlocutory adoption order is vacated.Matter of Roberts, 349 So.2d 1170 (Ala.Civ.App. 1977).
The foregoing opinion was prepared by Retired Circuit Judge Edward N. Scruggs while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
WRIT PROVISIONALLY GRANTED.
All the Judges concur.