I concur in the result reached by the majority. However, I reach the result by a somewhat different analysis.
The pertinent part of the applicable statute, section 26-10-3, Alabama Code (1975), is as follows:
 "No adoption of a minor child shall be permitted without the consent of his parents, but the consent of a parent who has abandoned the child [or] who cannot be found . . . may be dispensed with, and consent may be given by the guardian, if there be one, or if there is no guardian, by the state department of pensions and security."
In the instant case it is clear that the mother did not give her consent, and that there *Page 945 
was no guardian. It is also clear that the Department of Pensions and Security (DPS) did not give its consent. In other words, no consent to the adoption was obtained from any party named in the statute as eligible to give its consent.
Assuming without the need of so deciding that the adopting parents proved the abandonment of the child by the mother, then in that event the consent of DPS was necessary under the statute.
The Supreme Court of Alabama in Lankford v. Hollingsworth,283 Ala. 559, 219 So.2d 387 (1969), discussed the above statute, stating as follows:
 "We construe this statute to mean that the consent of the Department of Pensions and Security (formerly Public Welfare) is required only when the custody of the child has been awarded to that agency, or where there is no parent whose consent is required and the child has no guardian."
Id. at 561, 219 So.2d at 388. Accord In re Roberts,349 So.2d 1170 (Ala.Civ.App. 1977).
In the instant case if abandonment was established, then "there is no parent whose consent is required" within the meaning of the above cases, and the consent of DPS was made jurisdictional. Since it is clear that DPS did not consent, then the trial court was without power to issue the adoption order. In re Roberts, 349 So.2d 1170, 1172 (Ala.Civ.App. 1977). Following this line of reasoning, I find it unnecessary to decide the abandonment issue decided by the majority opinion.
Turning to another matter, I would be remiss if I did not point out the following statement in the majority opinion which concerns me: "As the adoption decree was entered contrary to statute and without jurisdiction, the decree is void andsubject to attack at any time." (Emphasis added.) This statement fails to take into account the possible effect of section 26-10-5 (c), Alabama Code (1975).
A different result might have been reached in the instant case if five years had passed from the date of entry of the order here at issue. While I do not specifically decide the applicability or import of the statute, it occurs to me that section 26-10-5 (c) might be construed to put a five-year limit on actions such as the instant one to set aside adoption decrees.