BRADLEY, Judge.
This is an adoption case.
In December 1980 three month old Sha-keitha Marie Roland was placed in the foster home of Claude and Ollie Clary by the Department of Pensions and Security (DPS). Subsequently, Shakeitha was adjudged dependent, and temporary custody was awarded to DPS. From this time until October 1982, DPS worked with the natural mother in an attempt to get her to assume her parental responsibilities. These efforts proved fruitless, and in October 1982 DPS was given permanent custody of Shakeitha. This decision was appealed through the state court system to the supreme court, 451 So.2d 305. The supreme court finally affirmed the award of permanent custody to DPS in June 1984. During all of this time Shakeitha remained in the foster care of the Clarys.
On June 27, 1984 the Clarys, without first seeking the approval of DPS, filed a petition in the Russell County Probate Court seeking to adopt Shakeitha. After an investigation, DPS informed the Clarys that it opposed their adoption of Shakeitha. The reasons for the opposition were fully explained to the Clarys.
After a hearing the probate court dismissed the Clarys’ petition on the stated ground that DPS had not arbitrarily or unreasonably refused to consent to the Clarys’ adoption of Shakeitha. The Clarys’ posttrial motions were overruled and they appealed to this court.
On appeal the Clarys first contend that the probate court’s failure to appoint independent counsel to represent Shakeitha violated her constitutional rights. This objection first appeared in the Clarys’ motion for new trial. Nothing was said in the trial on the merits about appointment of independent counsel for the child.
The Clarys’ constitutional objection comes too late for consideration by this court. Constitutional issues raised for the *1368 first time in a motion for new trial ordinarily are deemed to be too late for consideration by an appellate court. Hicks v. Huggins, 405 So.2d 1324 (Ala.Civ.App.), cert. denied, 405 So.2d 1328 (Ala.1981).
The Clarys’ other contention is that the probate court erred in dismissing their adoption petition. They say the probate court abused its discretion in holding that DPS had not arbitrarily or unreasonably refused to consent to their adoption of Sha-keitha.
Where the parental rights of natural parents in their child have been terminated and permanent custody of that child has been granted to DPS, DPS’s consent to adoption is a prerequisite to the probate court’s consideration of the child’s adoption. Matter of Roberts, 349 So.2d 1170 (Ala.Civ.App.1977).
When DPS refuses to grant its consent to the adoption of a child who is in its permanent custody, the only remaining issue for decision is whether DPS is unreasonably or arbitrarily withholding its consent. Matter of Roberts, supra. Whether that consent is arbitrarily or unreasonably being withheld is a question of fact, and the burden of proof is on the party asserting such contention. Matter of Roberts, supra. The evidence in the case at bar adequately supports the probate court’s conclusion that the Clarys failed to show that DPS was arbitrarily or unreasonably withholding its consent for their adoption of Shakeitha.
The record reveals that DPS refused the Clarys’ petition for several reasons. DPS first relies upon the foster parent agreement renewed annually by the Clarys. DPS says that the Clarys were aware both that they were keeping the child on a temporary basis and that the decisions in planning for the future placement of Shakeitha were to be made solely in the discretion of DPS. DPS also states that the Clarys were never considered by it to be anything other than hired foster parents who were fulfilling the need for an immediate temporary placement for the child. The record reveals that the reason Shakeitha remained with the Clarys for such an extended period resulted from the prolonged litigation over custody of the child.
The record also shows that the Clarys violated their foster home agreement by filing a petition for adoption in court without the prior permission of DPS. Additionally, the evidence shows that the Clarys also breached this agreement by removing the child from the state without prior approval of DPS, when they took Shakeitha to Georgia to obtain a psychiatric evaluation of her before the probate court hearing.
The record further reveals that DPS was concerned that Shakeitha’s natural mother and friends of her natural parents all knew the Clarys and had personal contact with them. Based on the natural mother’s past actions — at one point she kidnapped the child and remained away for approximately one month — and her knowledge that the Clarys had Shakeitha, DPS was concerned about the natural mother’s future interference with Shakeitha’s care.
Finally, the record reveals the concern of DPS over the advanced age and health of the Clarys. DPS noted that Mrs. Clary would be seventy-five years of age on Sha-keitha’s fifteenth birthday and presented evidence that Mr. Clary, the younger of the two, has had serious heart problems. At one point his ill health even prevented DPS from being able to discuss Shakeitha with him.
After carefully considering the record in this case, we find that the probate court did not abuse its discretion in dismissing the Clarys’ adoption petition for their failure to prove that DPS had arbitrarily or unreasonably refused its consent to said adoption, and its judgment is affirmed. State Department of Pensions and Security v. Whitney, 359 So.2d 810 (Ala.Civ.App.1978).
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.