PER CURIAM.
This is an adoption case.
Danny and Renee Billingsley filed a petition in the Montgomery Circuit Court to adopt a minor child, temporary custody of whom was in the Department of Human Resources (the Department). The Department refused to consent to the adoption.
Following ore terms proceedings, the trial court held that the Department had arbitrarily withheld its consent to the adoption, and it conditionally granted the Billings-leys’ petition to adopt the minor child.
This case is now before this court on a petition filed by the Department for an extraordinary writ. We find that such writ is due to be issued.
The record reveals that, after temporary custody was granted to the Department, the latter placed the minor child in foster care. One of the child’s foster homes was located in the Billingsleys’ neighborhood. After the foster mother apparently informed the Billingsleys that the child might be eligible for adoption, the Billingsleys contacted the Department and took steps to try to adopt the child. The Department refused to consent to such adoption.
On appeal the Department contends that the trial court erred in holding that it had arbitrarily withheld its consent to the adoption. We agree.
It is well established that, in a case such as this one in which the parental rights of the child’s natural parents have been terminated and there is no guardian, the consent of the Department is required in order for the trial court to proceed with the adoption petition. Matter of Roland, 483 So.2d 1366 (Ala.Civ.App.1985); Alabama Department of Pensions & Security v. Johns, 441 So.2d 947 (Ala.Civ.App.1983); Sanders v. Department of Pensions & Security, 406 So.2d 948 (Ala.Civ.App.1981); Matter of Roberts, 349 So.2d 1170 (Ala.Civ.App.1977). The Department may not, however, withhold its consent arbitrarily or unreasonably. Johns, 441 So.2d 947; State Department of Pensions & Security v. Whitney, 359 So.2d 810 (Ala.Civ.App.1978); Matter of Roberts, 349 So.2d 1170.
Whether the Department withheld its consent arbitrarily or unreasonably is a question of fact, and the burden of proof is on the party asserting that the Department so withheld its consent. Matter of Roland, 483 So.2d 1366; Johns, 441 So.2d 947; Ex parte Department of Pensions & Security, 437 So.2d 544 (Ala.Civ.App.1983); Sanders, 406 So.2d 948; Matter of Roberts, 349 So.2d 1170. It appears to this court that the Billingsleys did not meet such burden.
The Department’s refusal to consent cannot be deemed to be arbitrary or unreasonable “where there is a reasonable justification for its decision or where [such refusal] is founded upon adequate principles or fixed standards.” Whitney, 359 So.2d at 812. The Department’s refusal may be determined to be arbitrary if it is shown that the Department “was acting in the absence of fixed standards on a case-by-case basis.” Ex parte Department of Pensions & Security, 437 So.2d at 547.
*773 Applying these standards to the present case, we conclude that the trial court erred in holding that the Department had arbitrarily withheld its consent to the Billingsleys’ adoption petition. We find that the Department had reasonable justification for its decision to withhold consent and that it was acting in accordance with its fixed standards or rules.
The record shows that the Billingsleys discovered the names of the child’s natural parents, apparently after taking steps to learn about the child’s background. They obtained a copy of the child’s birth certificate, which bears the name of the natural mother.
The natural parents, moreover, have relatives residing in the Montgomery area, and some of these relatives are known to the Montgomery City Police Department, where Mr. Billingsley is employed.
Because of the Billingsleys’ knowledge of and possible contact with the natural parents or their relatives, the Department determined that placement of the child with the Billingsleys would not be in his best interest. The Department determined that such placement would “not provide security of his background.” This court has already determined that security of the child’s background is a legitimate concern of the Department. See Matter of Roland, 483 So.2d 1366; Whitney, 359 So.2d 810. Cf. Walker County Department of Pensions & Security v. Mason, 373 So.2d 863 (Ala.Civ.App.1979). It is the Department’s policy not to reveal to adoptive parents the names of natural parents and to attempt to place an adoptive child in a location where there is not a concentration of the families of the natural parents.
We would also note that the Billingsleys did not have much contact with the child. In fact, they saw him only a few times in the home of the former foster mother. The child, who is four years old, was removed from such foster home in October 1985 at the request of the former foster mother. Since that time he has had no contact with the Billingsleys.
The child has expressed his desire not to return to the home of the former foster mother. The Department concluded that placing the child with the Billingsleys — in the neighborhood of the former foster home — could confuse him and possibly cause him emotional stress.
In view of all of these circumstances, this court can only conclude that the Department had reasonable justification for withholding its consent and that it was acting in accordance with its fixed guidelines for adoption. Thus, the trial court erred in holding that the Department arbitrarily withheld its consent to the Billings-ley adoption.
The Department’s petition for extraordinary relief is due to be granted. The trial court is directed within ten days to enter all necessary orders to comply with this court’s opinion. If such orders are not entered, the writ is due to be granted.
WRIT CONDITIONALLY GRANTED.
All the Judges concur.