In 1985 the natural mother of the child in the present case, Ms. Sally Lynn Kinkead, became pregnant with her daughter, Sarah Elisabeth Kinkead (hereinafter referred to as "child"). Kinkead was unmarried at the time of her pregnancy, and she and the purported father subsequently moved to Columbus, Georgia. The purported father abandoned Kinkead in November 1985, approximately two months before the child's birth.
Sometime during November 1985 Kinkead discussed with her physician the possibility of putting her child up for adoption as soon as it was born. The physician and Kinkead also discussed the possibility of allowing one of the physician's infertile married patients to adopt the child. Kinkead was informed by her physician that such an adoption could be arranged and that all of her medical and hospital expenses could be paid by the adopting parents.
Kinkead's physician directed her to see an attorney in Columbus who could provide both the direction and services necessary to effectuate the adoption. She subsequently discussed the adoption with an attorney and informed him that she wished to proceed with the adoption.
Kinkead's daughter was born on January 14, 1986. On the day after delivery, an attorney, accompanied by a hospital social worker, went to Kinkead's room and presented various consent forms to Kinkead. After reading the forms, Kinkead signed them, thus consenting to the adoption. The trial court ruled, and our review of the record reaffirms, that Kinkead was fully informed and perfectly understood both the effect and ramifications of her actions in consenting to her daughter's adoption.
The adoptive parents subsequently filed a petition for the adoption of the child on February 3, 1986. The petition was transferred to the district court on Kinkead's motion on April 15, 1986. The District Court of Russell County, Alabama, held a hearing on the adoptive parents' petition on July 9, 1986. On October 8, 1986, the district court entered an interlocutory decree granting the adoption.
Kinkead appeals. The adoptive parents move to dismiss Kinkead's appeal, asserting that the decree is interlocutory.
The adoption statute in the present case requires the consent of the adoptive child's parent, guardian, or DPS. Furthermore, if the required consent is never given, the trial court never obtains jurisdiction upon which to determine issues and enter its initial interlocutory order. See, Vice v. May,441 So.2d 942 (Ala.Civ.App. 1983).
The issue of jurisdiction involving an interlocutory adoption decree has been previously addressed by this court in that we have treated an "appeal" of such interlocutory order as a petition for writ of mandamus. The issue is whether consent was given, i.e., whether the trial court had jurisdiction. See,Alabama Department of Pensions and Security v. Johns,441 So.2d 947 (Ala.Civ.App. 1983).
Our examination of the record leads us to the clear conclusion that the trial court correctly found that Kinkead's consent to adopt was freely and knowingly given and was not procured through fraud, undue influence or coercion; hence it had *Page 249 
jurisdiction to decree the adoption by its interlocutory order in favor of the Lees.
We pretermit discussion of other matters raised on appeal as their presence here is premature.
WRIT DENIED.
All the Judges concur.