PITTMAN, Judge.
This case concerns the reopening of a final judgment of paternity.
Although the parties were married at the time, in 1991, the petitioner, M.A.D., filed a complaint seeking to establish paternity as to three minor children, K.D., A.D., and T.D., and seeking child support. On August 1, 1991, the respondent, J.L.D., was adjudged to be the children’s father and was ordered to pay child support. On December 12, 2000, J.L.D. filed a complaint for a divorce from M.A.D. In the divorce petition, J.L.D. alleged the children were the issue of an extramarital relationship of M.A.D., and he specifically moved for paternity testing. On February 14, 2001, the trial court entered an order requiring paternity testing, and M.A.D. filed a motion to set aside the order and requested a hearing. After a hearing, the trial court orally suspended the February 14, 2001 testing order and took the matter under advisement. On July 18, 2001, the trial court entered a second order requiring paternity testing.
M.A.D. has filed a petition for a writ of mandamus directing the trial court to vacate its order granting J.L.D.’s motion for paternity testing; her petition is based on Ex 'parte Jenkins, 723 So.2d 649 (Ala.1998), which held that to reopen a paternity adjudication that was final before 1994, one must do so within a “reasonable time”; that case also delineates the factors the trial court is to consider when entertaining a request to reopen a pre-1994 paternity judgment.
*753 “A writ of mandamus is an extraordinary remedy that requires the showing of: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.”
Ex parte McNaughton, 728 So.2d 592, 594 (Ala.1998).
Regarding a petition for a writ of mandamus, we have previously written:
“ ‘It is now a well-established general rule in this state that if the matters complained of can ultimately be presented by appeal, a writ of mandamus will not be issued.’ Ex parte Spears, 621 So.2d 1255, 1256 (Ala.1993) (citations omitted). However, our supreme court ‘has recognized certain exceptions to this general rule in specific cases where appeals are not considered to be adequate to prevent “undue injury.” ’ Spears, 621 So.2d at 1256. These exceptions include: the enforcement of a trial court’s compliance with an Alabama Supreme Court mandate; a review of discovery rulings; to enforce a statutory or constitutional right to a jury trial; and to vacate certain interlocutory rulings in divorce cases. Spears. We find no such exception in the father’s petition.”
Ex parte Boykin, 656 So.2d 821, 827-28 (Ala.Civ.App.1994).
As in Boykin, we find no exception to the general rule that a writ of mandamus cannot be used as a substitute for appeal that applies to the petition filed by M.A.D. The proper manner by which to contest the trial court’s ruling is by appeal. A stay has been issued to the trial court while this petition for a writ of mandamus has been pending, and a final judgment has yet to issue. M.A.D. must await a final judgment and then she may bring a timely appeal. Consequently, M.A.D.’s petition for a writ of mandamus is due to be denied.
PETITION DENIED; STAY LIFTED.
CRAWLEY, J., concurs.
MURDOCK, J., concurs in the result.
YATES, P.J., and THOMPSON, J., dissent.