REL: December 9, 2022

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2022-2023

_____

### CL-2022-0544

_____

### J.R.

### v.

### J.H.R. and J.F.R.

**Appeal from St. Clair Probate Court
(N-21-530)**

EDWARDS, Judge.

On December 2, 2021, J.H.R. and J.F.R. ("the prospective adoptive parents") filed a petition in the St. Clair Probate Court seeking to adopt J.R. ("the child"). Notice of the adoption action was served on J.R. ("the

father").[1]  On December 13, 2021, the father filed a contest to the proposed adoption in the probate court, and, on March 10, 2022, the probate court held a hearing pursuant to Ala. Code 1975, § 26-10A-24, after which it entered an order on March 22, 2022, denying the father's adoption contest.  On April 5, 2022, the father filed a notice of appeal from the order denying his adoption contest.  We dismiss the appeal.

We have previously explained that an order denying an adoption contest is not a final judgment capable of supporting an appeal.  See Ex parte W.L.K., 175 So. 3d 652, 656 (Ala. Civ. App. 2015) (explaining that an order resolving an adoption contest but not resolving the entire adoption proceeding was an interlocutory order); see also Fowler v. Merkle, 564 So. 2d 960, 961 (Ala. Civ. App. 1989) (holding that the denial of a motion to set aside consent to an adoption was not a final judgment).  As we recently explained in Ex parte C.D., [Ms. 2210248, Nov. 18, 2022] ___ So. 3d ___, ___ (Ala. Civ. App 2022):

> "This court has, in the past, [reviewed the denial of an adoption contest] on mandamus review, typically after converting an appeal to a petition for the writ of mandamus. See, e.g., Fowler v. Merkle, 564 So. 2d 960, 961 (Ala. Civ. App. 1989); Smith v. Jones, 554 So. 2d 1066, 1067 (Ala. Civ. App.

_____

[1]The child's mother is deceased.

2

1989); Kinkead v. Lee, 509 So. 2d 247, 248 (Ala. Civ. App. 1987); Ex parte Department of Hum. Res., 502 So. 2d 771, 772 (Ala. Civ. App. 1987); Alabama Dep't of Pensions & Sec. v. Johns, 441 So. 2d 947, 948 (Ala. Civ. App. 1983); see also Ex parte Fowler, 564 So. 2d 962, 964 (Ala. 1990) (treating petition for the writ of certiorari as a petition for the writ of mandamus). However, mandamus is an extraordinary writ, and a mandamus petition is not a proper vehicle for review of every type of interlocutory order. See Ex parte Spears, 621 So. 2d 1255, 1258 (Ala. 1993); Ex parte U.S. Bank Nat'l Ass'n, 148 So. 3d 1060, 1064 (Ala. 2014) (listing those types of interlocutory orders for which mandamus is an appropriate remedy); see also Ex parte M.A.D., 830 So. 2d 751, 753 (Ala. Civ. App. 2002). More recently, this court has consistently reviewed orders concluding that a parent had impliedly consented to adoption on appeal from the final judgment of adoption. See, e.g., S.P. v. J.R., 206 So. 3d 637 (Ala. Civ. App. 2016); J.D.S. v. J.W.L., 204 So. 3d 386 (Ala. Civ. App. 2016); and I.B. v. T.N., 194 So. 3d 221 (Ala. Civ. App. 2015)."

An adoption contestant is entitled to challenge the order denying the contest in an appeal from any valid adoption judgment that might be entered. Thus, mandamus review is not appropriate in this case because the father has an adequate remedy by way of an appeal. However, at this stage of the proceedings, because the father has appealed from a nonfinal judgment, his appeal must be dismissed. See Wolf v. Smith, 414 So. 2d 129, 130 (Ala. Civ. App. 1982) (dismissing an appeal from an interlocutory order of the probate court and explaining that an appeal

lies only from a final judgment of adoption that met the requirements of Ala. Code 1975, former § 26-10-4).

APPEAL DISMISSED.

Thompson, P.J., and Moore, Hanson, and Fridy, JJ., concur.